This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40243**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RYAN JAMES GRIFFIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Christopher G. Perez, District Judge**

Hector H, Balderas, Attorney General
Santa Fe, NM

for Appellee

Joseph Sullivan
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Defendant appeals the revocation of his probation. We issued a notice of proposed disposition, in which we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Initially, we note that Defendant's memorandum in opposition does not set forth any additional facts or argument in response to our proposed disposition of the hearsay issue raised in the docketing statement. When a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of that issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356,

758 P.2d 306; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Thus, we deem Defendant to have abandoned this issue.

**{3}**     In regard to the remaining issues, Defendant claims that the State failed to offer evidence showing that Defendant "was ordered to report in any manner following his release from custody." [MIO PDF 4] However, Defendant's memorandum also asserts that Defendant's prior probation officer gave him instructions on how to report and that Defendant complied with those instructions. [MIO PDF 3] We stated in our calendar notice that it was unclear whether Defendant offered any evidence that he did in fact attempt to contact his former probation officer [CN 6], and Defendant's memorandum in opposition does not provide any additional information in this regard. We additionally observe that Defendant's memorandum is not responsive to the specific concern identified in our calendar notice regarding the lack of any facts concerning Defendant's violation of standard condition 3. [CN 5-6] *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[I]f there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

**{4}**     Defendant has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**